## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

NICHOLAS SERVICES, LLC d/b/a NICHOLAS
AIR and CORR AVIATION, INC.                                          PLAINTIFFS


V.                                                        NO. 3:23CV251 MPM-RP


BOMBARDIER INC. and BOMBARDIER
AEROSPACE CORPORATION                                                DEFENDANTS


## <u>ORDER</u>

Defendants Bombardier, Inc. (BI) and Bombardier Aerospace Corporation (BAC) have

filed two separate motions to restrict certain documents from public view.  In support of these

motions, defendants include arguments which this court finds persuasive, such as their assertion,

in their first motion to seal, that:

> Here, there is good cause to seal the documents. The purchase agreements contain
> nonpublic business information that is irrelevant to this dispute, including without
> limitation payment terms, delivery schedules, delivery delay remedies, termination rights,
> and technical specifications.  *See* Declaration of Mercedes Glockseisen in Support of
> Defendants' Motion to File Under Seal ("Glockseisen Decl.") ¶ 4. These provisions are
> heavily negotiated and vary from contract to contract. *Id*. The business aircraft
> manufacturing market is both small and highly competitive: Bombardier's competitors
> are commercially sophisticated and typically monitor public filings for any information
> that may provide them with a negotiating or competitive advantage, as do Bombardier's
> customers. *Id*. ¶ 3. Public disclosure of such details would give Bombardier's
> competitors an unfair opportunity to tailor their competing offers to potential customers
> with the knowledge of the terms that Bombardier has or may be willing to offer. *Id.*

[Brief at 2].

The Federal Rules of Civil Procedure permit this court, for good cause, to issue an

order requiring that "a trade secret or other confidential research, development, or commercial

information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G);

*see also Sibley v. Citizens Bank & Tr. Co. of Marks,* No. 3:20cv282-GHD-JMV, 2021 WL

309135, at *1 (N.D. Miss. Jan. 29, 2021) (court has discretion to seal materials "in light of the

relevant facts and circumstances of the particular case") (quoting *Haley v. Merial*, No. 4:09-CV-

00094-GHDJMV, 2013 WL 12213925, at *1 (N.D. Miss. Feb. 28, 2013). In considering whether

good cause has been shown, the Fifth Circuit weighs the need for confidentiality against the

presumption of public access to judicial documents. *Id.* (citing *Belo Broad. Corp. v. Clark,* 654

F.2d 423, 434 (5th Cir. 1981).

Based on this authority, this court agrees with the basic premise of defendants' motion,

and plaintiffs appear to at least partially agree, inasmuch as they "acknowledge that *some* of the

information contained in the exhibits Defendants seek to seal may be of a confidential

commercial nature that would meet the standard for sealing." [Brief at 1]. However, plaintiffs

argue that defendants' request to seal is overbroad, and, while they cite a few examples, this

court does not believe that their briefing in opposition to the motions is sufficiently detailed and

comprehensive to allow it to do what they would apparently have it do in separating the wheat

from the chaff in this regard. This court further believes that nothing in any of the documents

involves an issue, such as potential misconduct by a public officer, which is of sufficiently great

public interest to make the "juice worth the squeeze" of making detailed findings in this regard.

In so stating, this court notes that, if it were to truly do this right, then it would need to

bring counsel for both sides into its chambers and proceed, line by line, over the documents in

question in order to make rulings on what should be redacted. The result of these efforts, which

would come at great expense to the parties in attorneys' fees, would be that the public might be

able to see such things as, to cite some of the examples given in plaintiffs' brief, the "general

identification of the aircraft purchased" and the "standard integration and severability clauses."

[Brief at 2]. While this court tends to agree that these things are not truly sensitive, it would be shocked if a single member of the public were to search the docket in this case to learn them. That being the case, this court believes that, at some point, common sense must enter the picture. In a complex litigation of this nature, parties and their counsel must learn which issues are truly worth fighting over and which are not. This court concludes that separating the wheat from the chaff in the documents sought to be sealed by defendants falls into the latter category. Defendants' motions to seal will accordingly be granted.

It is therefore ordered that defendants' motions to restrict documents from public view [26-1, 49-1] are granted, and plaintiffs' motion for an extension of time [54-1] is likewise granted.

This, the 5th day of January, 2024.

   /s/ Michael P. Mills
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI